**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR AN ORDER AUTHORIZING THE ) <br> INSTALLATION AND USE OF A ) <br> SURVEILLANCE CAMERA | Magistrate Judge's No. 20-MJ-5290 |

\* \* \* \* \*

## APPLICATION

1. Comes the United States of America, by counsel, Assistant United States Attorney G. Todd Bradbury, and moves the Court, pursuant to 28 U.S.C. § 1651(a), to grant an order which: (1) authorizes the installation of and use for **sixty (60)** days a surveillance camera on a light pole (which was confirmed by ATF Special Agent Russel King)[1], identified as Kentucky Utilities light pole #198551 located at GPS Coordinates 37.952940, -84.499151. The light pole is situated along Brookglen Place, approximately 110 feet north of the intersection of Brookglen Place and Rockbridge Road in Lexington, Fayette County, Kentucky. The property to be observed is located at 4504 Brookglen Place in Lexington, Kentucky (*See* Attachment A, images of the property); (2) orders that Kentucky Utilities and their agents and employees make no disclosure of the existence of the application and order for the installation of this surveillance camera unless authorized to do so by this Court; and (3) seals this Application and the Court's orders pending further order of the Court.

2. In support of this Application, the United States submits that special agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) are investigating Ashton Stevens

---

1 Special Agent King has previously physically confirmed the GPS coordinates of the aforementioned light pole. He also spoke with a representative of LG&E/Kentucky Utilities and confirmed the light pole location and that the pole is owned by the company.

(hereinafter Stevens), concerning offenses involving violations of 21 U.S.C. §§ 841(a)(1), (distribution of controlled substances), and 846 (conspiracy to distribute controlled substances). *See* Attachment B for photograph of Stevens. Beginning in July of 2020, agents with ATF began an investigation of a possible drug trafficking organization involving Stevens and a subordinate identified as Saylina Jackson-Anderson (hereinafter Jackson-Anderson). Using a qualified Confidential Informant (hereinafter CI), controlled purchases of suspected heroin were made from both Stevens and Jackson-Anderson. The investigation revealed that Stevens maintains a residence located at 4504 Brookglen Place in Lexington, Fayette County, Kentucky.

3. The information set forth below was provided to ATF Special Agent (S/A) Russel King by other law enforcement officers, and/or was obtained by S/A King's personal participation in the investigation. It is not meant to be a complete recitation of the facts spanning the entire investigation, and is to be used only to establish that the authorization of the pole camera is necessary and material to the on-going investigation.

**Interview of CI**

4. On July 7, 2020, ATF S/A Jack Morgan and S/A King met with a CI[2] who provided information concerning the drug trafficking activities of Jackson-Anderson and Stevens. More specifically, the CI advised that the aforementioned suspects were trafficking in multiple ounces of heroin/fentanyl, and were his source of supply for the drug. The CI stated that he initially was purchasing heroin/fentanyl from Jackson-Anderson, but only recently started to go to her supplier, Stevens, who will sell the drug to him at a discounted price of $1,000 per ounce. The CI advised that Jackson-Anderson operates a dark gray, newer model Chevrolet Impala. The CI further proffered that Stevens operates a black, newer model Dodge Charger.

---

2 For purposes of this affidavit, the CI will be referred to in the masculine gender, irrespective of sex.

**Controlled Purchase of Suspected Controlled Substance from Jackson-Anderson on July 17, 2020**

5.      On July 17, 2020, the aforementioned CI conducted a controlled, recorded purchase of approximately 28.8 grams of suspected heroin[3] from Jackson-Anderson in exchange for $1,400. During this transaction, Jackson-Anderson made conversation with the CI that Stevens is her supplier for drugs.   This transaction occurred as the CI was providing transportation for Jackson-Anderson from the downtown Lexington area to her residence located at 800 Andover Village Drive, also in Lexington, Kentucky.

**Controlled Purchase of Suspected Controlled Substance from Jackson-Anderson on July 23, 2020**

6.      On July 23, 2020, the aforementioned CI conducted a controlled, recorded purchase of approximately 57.7 grams of suspected heroin[4] from Jackson-Anderson in exchange for $2,800. This transaction occurred at Jackson-Anderson's residence located at 800 Andover Village Drive, also in Lexington, Kentucky.

**Controlled Purchase of Suspected Controlled Substance from Stevens on August 11, 2020**

7.      On August 11, 2020, the aforementioned CI conducted a controlled, recorded purchase of approximately 58 grams of suspected heroin[5] from Stevens in exchange for $2,000. This transaction occurred at the residence of Stevens' father, located at 1054 Forest Lake Drive in Lexington, Kentucky.   In the time leading up to the transaction, Stevens informed the CI that she

---

[3] This substance is pending analysis at the Kentucky State Police forensic laboratory in Frankfort, Kentucky.  Due to potential safety concerns, the substance was not field tested. Based on officer training and experience, the substance appears to be a controlled substance.
[4] This substance is pending analysis at the Kentucky State Police forensic laboratory in Frankfort, Kentucky.  Due to potential safety concerns, the substance was not field tested. Based on officer training and experience, the substance appears to be a controlled substance.
[5] This substance is pending analysis at the Kentucky State Police forensic laboratory in Frankfort, Kentucky.  Due to potential safety concerns, the substance was not field tested. Based on officer training and experience, the substance appears to be a controlled substance.

was a short distance away (presumably from her father's house).

8. Shortly after the CI's arrival, law enforcement personnel witnessed a black Chevrolet Tahoe pull in the driveway and drive around to the back of the residence. The CI subsequently met Stevens at the rear of the residence, where he received custody of the suspected heroin. Law enforcement personnel witnessed Stevens look around the corner of the house after the deal. From the events observed, it appeared as Stevens travelled from a nearby location to meet because the CI placed a call minutes before arrival to her father's residence.

### Research of 4504 Brookglen Place, Lexington, Kentucky

9. On August 27, 2020, S/A Morgan conducted research on a newly discovered address associated with Stevens, using databases known by law enforcement to be reliable and open search records. The database revealed 4504 Brookglen Place as an address associated with Stevens as of June 2020. According to Zillow, a real estate website, the residence was rented in June 2020 for $2,100 per month. It should be noted that 4504 Brookglen Place is only a short distance from 1054 Forest Lake Drive, where the August 11, 2020 controlled purchase with Stevens was conducted.

10. On August 28, 2020, S/A Morgan drove by the residence located at 4504 Brookglen Place and observed a black Dodge Charger bearing a temporary license plate in the driveway. As noted above, the CI used in this investigation previously informed investigators that Stevens drives a black Dodge Charger. S/A Morgan captured the below photograph:



11. Later on this same date, ATF S/A Hager drove by 4504 Brookglen Place and observed a black Nissan Pathfinder and the Dodge Charger in the driveway. The Pathfinder bore Kentucky registration 372-YSF. A registration check conducted for this vehicle revealed that it is registered to a Wesley M. Stevens of 1054 Forest Lake Drive. S/A Morgan has previously observed a black Nissan Pathfinder parked behind the residence at 1054 Forest Lake Drive on several occasions. S/A Hager captured the following photograph:



12. On September 18, 2020, S/As Morgan, Hager, and King conducted surveillance again at the residence located at 4504 Brookglen Place. A GMC Yukon and Chevrolet Tahoe were observed in the driveway of the residence. Both vehicles displayed temporary license plates from 6K Auto, which is a local car dealership. S/A Morgan captured the following photograph:



S/As followed the GMC Yukon when it left the residence and witnessed Stevens driving the

vehicle. The Kentucky temporary license plate on the Yukon was A447818. S/A Morgan captured the following photograph:



Detective Steve McCowan with the Lexington Police Department later obtained a log of temporary plates from 6K Auto and provided the list to S/A Morgan. According to the log, the GMC Yukon was registered to Stevens. The address listed on the log for Stevens was the residence of Stevens' father, located at 1054 Forest Lake Drive, which was also the residence listed on Steven's Kentucky Driver's License.

13. On September 19, 2020, S/A Morgan observed the garage door open at the residence. The Yukon and Tahoe were present in the driveway. In addition, SA Morgan saw a black Dodge Charger in the garage. S/A Morgan captured the following photograph:



14. On October 5, 2020, S/A Morgan and King conducted a trash inspection of refuse, which was set curbside for collection in front of 4504 Brookglen Place. The inspection revealed an empty USPS package, a shipping invoice, and a pizza receipt, which all listed Ashton Stevens' name and the address of 4504 Brookglen Place.

### CI Interview

15. On November 4, 2020, ATF S/As Morgan, King, and Hager met with the CI regarding any communication or contact with Stevens. The CI advised that Stevens had recently rented a house on Brookglen Place for $2,000 per month. He described the residence as being close to her old residence. He advised she lived there with her children and had a Charger and Yukon at the residence. The CI further informed S/As that he had been to her residence on Brookglen Place four or five times in the past couple weeks to purchase heroin/fentanyl.

### 4504 Brookglen Place, Lexington, Kentucky

16. The property located at 4504 Brookglen Place in Lexington, Fayette County, Kentucky, is more fully described as a two story, single family residential structure constructed

partially of brick veneer and vinyl siding. Several dormers look out onto Brookglen Place. Brookglen Place is situated in a cul-de-sac off of Rockbridge Road near Veteran's Park in Lexington, Kentucky. The residence is located at GPS coordinates 37.953187, -84.498933. The light pole to be utilized is further identified as Kentucky Utilities light pole #198551 located at GPS Coordinates 37.952940, -84.499151. The light pole is situated along Brookglen Place, approximately 110 feet north of the intersection of Brookglen Place and Rockbridge Road in Lexington, Fayette County, Kentucky.

17. This utility pole is in an area accessible by the general public, that is, the roadway along Brookglen Place, a residential cul-de-sac in Lexington. The requested video surveillance camera (pole camera) will be used to monitor, capture, record and review the public activity occurring in the area around 4504 Brookglen Place, including the comings and goings of Ashton Stevens. This activity could potentially be used to support evidence of drug trafficking activities pertaining to this investigation. After conducting an exhaustive search for other locations to legally place a court authorized surveillance camera, this utility pole location is the prominent location that will allow law enforcement to legally monitor the activities at this residence without being detected by the residents or neighbors.

18. The requested pole camera will not record inside any dwellings nor will they record any audio of conversations. The requested pole camera will not provide a view of any area that is not easily accessible to the general public nor will it provide a view of any area that the owner has taken steps to prevent the general public from viewing. The video surveillance footage may be used to develop potential co-conspirators and may also be used to obtain search warrants for this location and other locations for money, drugs, drug paraphernalia, drug records, or proceeds of the drug activities. Based on the nature of the suspected activities and the location of this

address, it is impractical for law enforcement to conduct long term physical surveillance of the area without potentially alerting Ashton Stevens and/or her associates. The ability to conduct surveillance is limited to stationary surveillance, which is manpower intensive and inadequate to assess the extent of potential criminal activity or conduct prolonged surveillance without being compromised. The presence of unknown vehicles or similar vehicles over a period of time would likely appear suspicious to Stevens.

19. There is no reasonable expectation of privacy in the area outside 4504 Brookglen Place, Lexington, Kentucky. In *United States v. Houston*, 813 F.3d 282, 287-88 (6th Cir. 2016), the Sixth Circuit held that, "[t]here is no Fourth Amendment violation, because [the defendant] had no reasonable expectation of privacy in video footage recorded by a camera that was located on top of a public utility pole and that captured the same views enjoyed by passerby on public roads." The Sixth Circuit noted that there was no violation of the defendant's reasonable expectation of privacy "because the ATF agents had a right to access the public utility pole and the camera captured only views that were plainly visible to any member of the public who drove down the roads bordering the farm." *Id.* at 288. The Sixth Circuit further held that use of the pole camera surveillance for ten weeks "did not render the use of the pole camera unconstitutional, because the Fourth Amendment does not punish law enforcement for using technology to more efficiently conduct their investigations." *Id*. "[T]he long length of time of the surveillance does not render the video recordings unconstitutionally unreasonable, because it was possible for law enforcement to have engaged in live surveillance of the farm for ten weeks." *Id*. at 289. "[T]he ATF theoretically could have staffed an agent disguised as a construction worker to sit atop the pole or perhaps dressed an agent in camouflage to observe the farm from ground level for ten weeks." *Id*. "However, the Fourth Amendment does not require law enforcement to go to such

lengths when more efficient methods are available." *Id*. "Moreover, if law enforcement were required to engage in live surveillance without the aid of technology in this type situation, then the advance of technology would one-sidedly give criminals the upper hand." *Id*. at 290. Even though no warrant is required, the United States requests that the Court issue an order to allow for installation of the pole camera on the utility pole.

20. The surveillance camera to be installed will not have the ability to record audio. The surveillance cameras will only view what is visible with the naked eye from the public area in front of the residence.

21. Technical Officers of the ATF have the ability and technical expertise to install on light and utility poles video camera(s) and signal communication devices, including accompanying supporting equipment and electrical power source(s).

(A) Kentucky Utilities light pole #198551 located at GPS Coordinates 37.952940, -84.499151. The light pole is situated along Brookglen Place, approximately 110 feet north of the intersection of Brookglen Place and Rockbridge Road in Lexington, Fayette County, Kentucky. This device will capture video and upload that video to a secure internet connection monitored by law enforcement. The surveillance cameras will not record audio.

(B) The surveillance equipment will be utilized to obtain video images of the foot and vehicle traffic at or near 4504 Brookglen Place in Lexington, Fayette County, Kentucky, for the purpose of obtaining the above described activity.

**WHEREFORE**, it is respectfully requested that this Court grant an order, which:

(A) Authorizes the installation and use for **sixty (60)** days of surveillance cameras and other equipment necessary for its operation on Kentucky Utilities light pole #198551

located at GPS Coordinates 37.952940, -84.499151. The light pole is situated along Brookglen Place, approximately 110 feet north of the intersection of Brookglen Place and Rockbridge Road in Lexington, Fayette County, Kentucky. The surveillance camera shall not record audio;

(B) Orders that Kentucky Utilities and its agents and employees make no disclosure of the existence of the application and order for the installation of this surveillance camera and accompanying equipment unless and until authorized to do so by this Court; and

(C) Seals this Application and the Court's orders pending further orders of the Court.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

This the  6th  day of November 2020.

Respectfully submitted,

By: **Signed remotely per FRCP 4.1.  See addendum.**
Russel King, Special Agent
ATF

By: **Signed remotely per FRCP 4.1.  See addendum.**
G. Todd Bradbury
Assistant United States Attorney

Subscribed and sworn to me this the  6nd  day of November 2020.

_____
HONORABLE MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE